Frank Van Syckel filed a verified petition with this court setting out that on August 26th, 1911, Charles K. Seaman was appointed receiver in the above-mentioned case for the partnership of Thomas Henderson and Robert Henderson. On September 6th, 1911, the receiver took possession of the assets of the property of the partnership, including a parcel of land on Jefferson street, Perth Amboy. On June 21st, 1917, title and possession having passed to him, the receiver entered into an agreement with Emil Stremlau for the sale of the property for $6,500. Robert Henderson and Thomas Henderson, who comprised the defunct partnership, and their wives, joined in the agreement of sale.
A deposit of $100 was paid on the signing of the agreement, the balance to be paid on delivery of the deed. The contract was on the same date assigned to Van Syckel. On *Page 162 
October 28th, 1923, one of the partners, Thomas Henderson, died, leaving a will in which he named his wife as executrix and devised his estate to her. Frank Van Syckel went into possession of the premises and has remained in possession. Since the agreement of sale he has frequently asked for a delivery of a deed, but the receiver has failed to so deliver.
It also appears that the receiver has filed no inventory, nor done anything towards the administration of the estate. It was further stated in the argument that the receiver has recently taken an assignment to himself, individually, of a mortgage of $3,000, covering the premises.
Upon the filing of the petition, an order to show cause why the receiver and the Hendersons should not be ordered by this court to carry out the contract and deliver the deed to the petitioner, was entered. The order was served upon the receiver, Robert Henderson, Evelyn Henderson and Annie A. Henderson, individually, and as executrix of Thomas Henderson. Upon the return of the order to show cause, the receiver was represented by counsel, no one appearing for the other parties. No answer was filed to the petition, and the allegations as above set forth were admitted in open court by counsel for the receiver. The only reason the receiver advanced for his unwillingness to complete the sale was that the property has risen in value since 1917.
A contract entered into with a judicial officer for the sale of property is no different from any other contract. Courts will decree performance in the same manner as they would between private parties. Cropper v. Brown, 76 N.J. Eq. 406.
Where a sale has been acquiesced in it will constitute a performance of the contract even though no formal confirmation has ever been had. 35 Corp. Jur. 50.
The petitioner in this case has been in possession of the property with the receiver's permission for some years. Failure to give notice to creditors is not fatal. 35 Corp. Jur. 45.
Where a sale has been made for a fair price in good faith and there is no fraud, the subsequent offer of a higher price is not in itself sufficient to prevent confirmation of the lower *Page 163 
bid. Adams v. Lambertville, c., 84 N.J. Eq. 96; Krieger v.Scheuer, 86 Atl. Rep. 534.
On the return of the order to show cause the Hendersons, who were served, did not appear. In my opinion they were not necessary parties, as title to the premises passed to the receiver on his appointment. All the allegations as set forth in the petition having been admitted in open court, except as to value, I shall advise an order directing the conveyance as prayed for.